UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL A., <br><br> Plaintiff, <br><br> vs. <br><br> KILOLO KIJAKAZI, Acting Commissioner of Social Security, [1] <br><br> Defendant. | Case No. 1:21-CV-00027-REP <br><br> **MEMORANDUM DECISION AND ORDER** |

    Pending is Petitioner Michael A.'s Petition for Review (Dkt. 1) and an accompanying Brief in Support of Petition to Review (Dkt. 17) appealing the Social Security Administration's final decision finding him not disabled and denying his claim for disability insurance benefits. *See* Pet. for Rev. (Dkt. 1). This action is brought pursuant to 42 U.S.C. § 405(g). Having carefully considered the record and otherwise being fully advised, the Court enters the following Memorandum Decision and Order.

## ADMINISTRATIVE PROCEEDINGS

    Petitioner is a fifty-five-year-old man with a history of severe asthma and idiopathic bronchiectasis with allergic bronchopulmonary aspergillosis ("ABPA"). AR[2] 16. On January 7, 2019, Petitioner filed an application for social security disability income ("SSDI") as well as an

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi will be substituted, therefore, as the respondent in this suit. Fed. R. Civ. P. 25(d); *see also* 42 U.S.C. § 405(g).

[2] Citations to "AR __" refer to the cited page of the Administrative Record (Dkt. 14).

**MEMORANDUM DECISION AND ORDER - 1**

application for supplemental security income ("SSI") alleging a disability onset date of January 1, 2017.  AR 13.  Petitioner later amended this onset date to December 1, 2018.  AR 253.  The claim was denied initially and on reconsideration and Petitioner requested a hearing in front of an Administrative Law Judge ("ALJ").  *Id.*  On April 28, 2020, the claim went to a hearing before ALJ Michele M. Kelley.  *Id.*  On June 1, 2020, the ALJ issued a decision that was unfavorable to Petitioner.  AR 10-25.

Petitioner appealed this decision to the Appeals Council.  The Council denied Petitioner's request for review, making the ALJ's decision the final decision of the Commissioner of Social Security.  AR 1-6.

Having exhausted his administrative remedies, Petitioner filed this case.  Petitioner raises four points of error.  First, Petitioner contends that the ALJ erred in crediting the opinions of the state agency consultants, Dr. Lee Lindquist and Dr. Leslie Arnold, over the conflicting opinions of his treating pulmonologist, Dr. Ryan Toolson.  Pt.'s Br. at 6-10 (Dkt. 17).  Second, Petitioner maintains that the ALJ failed to provide clear and convincing reasons for rejecting his subjective symptom testimony.  *Id.* at 10-14.  Third, Petitioner argues that the ALJ improperly refused to consider the statement of his father.  *Id.* at 14-15.  Finally, Petitioner asserts that the ALJ failed to elicit reasonable explanations for conflicts between the vocational expert's testimony and the job descriptions in the Dictionary of Occupational Titles (the "DOT").  *Id.* at 17-20.

## STANDARD OF REVIEW

To be upheld, the Commissioner's decision must be supported by substantial evidence and based on proper legal standards.  42 U.S.C. § 405(g); *Trevizo v. Berryhill*, 871 F.3d 664 (9th Cir. 2017).  Findings as to any question of fact, if supported by substantial evidence, are conclusive.  42 U.S.C. § 405(g).  In other words, if there is substantial evidence to support the

**MEMORANDUM DECISION AND ORDER - 2**

ALJ's factual decisions, they must be upheld, even when there is conflicting evidence. *See Treichler v. Comm'r of Social Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014).

"Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The standard requires more than a scintilla but less than a preponderance. *Trevizo*, 871 F.3d at 674. It "does not mean a large or considerable amount of evidence." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

With respect to questions of fact, the Court is to review the record as a whole to decide whether it contains evidence that would allow a person of a reasonable mind to accept the conclusions of the ALJ. *Richardson*, 402 U.S. at 401; *see also Ludwig*, 681 F.3d at 1051. The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Treichler*, 775 F.3d at 1098. Where the evidence is susceptible to more than one rational interpretation, the reviewing court must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record. *Ludwig*, 681 F.3d at 1051. In such cases, the reviewing court may not substitute its judgment or interpretation of the record for that of the ALJ. *Batson v. Comm'r of Social Sec.*, 359 F.3d 1190, 1196 (9th Cir. 2004).

The decision must be based on proper legal standards and will be reversed for legal error. *Zavalin v. Colvin*, 778 F.3d 842, 845 (9th Cir. 2015); *Treichler*, 775 F.3d at 1098. Considerable weight is given to the ALJ's construction of the Social Security Act. *See Vernoff v. Astrue*, 568 F.3d 1102, 1105 (9th Cir. 2009). However, this Court "will not rubber-stamp an administrative decision that is inconsistent with the statutory mandate or that frustrates the congressional purpose underlying the statute." *Smith v. Heckler*, 820 F.2d 1093, 1094 (9th Cir. 1987).

**MEMORANDUM DECISION AND ORDER - 3**

## **THE SEQUENTIAL PROCESS**

In evaluating the evidence presented at an administrative hearing, the ALJ must follow a sequential process in determining whether a person is disabled in general (20 C.F.R. §§ 404.1520, 416.920) – or continues to be disabled (20 C.F.R. §§ 404.1594, 416.994) – within the meaning of the Social Security Act.

The first step requires the ALJ to determine whether the claimant is engaged in substantial gainful activity ("SGA").  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  SGA is work activity that is both substantial and gainful.  20 C.F.R. §§ 404.1572, 416.972.  "Substantial work activity" is work activity that involves doing significant physical or mental activities.  20 C.F.R. §§ 404.1572(a), 416.972(a).  "Gainful work activity" is work that is usually done for pay or profit, whether or not a profit is realized.  20 C.F.R. §§ 404.1572(b), 416.972(b).  If the claimant is engaged in SGA, disability benefits are denied regardless of his or her medical condition, age, education, and work experience.  20 C.F.R. §§ 404.1520(b), 416.920(b).  If the claimant is not engaged in SGA, the analysis proceeds to the second step.

The second step requires the ALJ to determine whether the claimant has a medically determinable impairment, or combination of impairments, that is severe and meets the duration requirement.  20 C.F.R. § 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  An impairment or combination of impairments is "severe" within the meaning of the Social Security Act if it significantly limits an individual's physical or mental ability to perform basic work activities.  20 C.F.R. §§ 404.1520(c), 416.920(c).  An impairment or combination of impairments is "not severe" if it does not significantly limit the claimant's physical or mental ability to do basic work activities.  20 C.F.R. §§ 404.1522, 416.922.  If the claimant does not have a severe medically determinable

**MEMORANDUM DECISION AND ORDER - 4**

impairment or combination of impairments, disability benefits are denied.  20 C.F.R. §§ 404.1520(c), 416.920(c).

The third step requires the ALJ to determine the medical severity of any impairments; that is, whether the claimant's impairments meet or equal a listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the answer is yes, the claimant is considered disabled under the Social Security Act and benefits are awarded.  20 C.F.R. §§ 404.1520(d), 416.920(d).  If the claimant's impairments neither meet nor equal a listed impairment, the claim cannot be resolved at step three and the evaluation proceeds to step four.  20 C.F.R. §§ 404.1520(e), 416.920(e).

In the fourth step of the evaluation process, the ALJ decides whether the claimant's residual functional capacity ("RFC") is sufficient for the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  An individual's RFC is her ability to do physical and mental work activities on a sustained basis despite limitations from her impairments.  20 C.F.R. §§ 404.1545, 416.945.  An individual's past relevant work is work she performed within the last 15 years, or 15 years prior to the date that disability must be established, if the work was substantial gainful activity and lasted long enough for the claimant to learn to do the job.  20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), 416.965.

In the fifth and final step, if it has been established that a claimant can no longer perform past relevant work because of his impairments, the burden shifts to the Commissioner to show that the claimant retains the ability to do alternate work and to demonstrate that such alternate work exists in significant numbers in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1520(f), 416.920(f); *see also Garrison v. Colvin,* 759 F.3d 995, 1011 (9th

**MEMORANDUM DECISION AND ORDER - 5**

Cir. 2014). If the claimant can do such other work, he is not disabled; if the claimant cannot do other work and meets the duration requirement, he is disabled.

## THE ALJ's FINDINGS

The ALJ found that Petitioner suffers from the following severe impairments: asthma, a history of ABPA, and cystic fibrosis gene. AR 16. The ALJ determined that these impairments affect Petitioner's ability to engage in work-related activities in a variety of manners, including that Petitioner can only lift, carry, push, and pull ten pounds frequently and twenty pounds occasionally, can only walk two hours a workday, needs to change positions every two hours, and needs to avoid even moderate exposure to fumes, odors, dust, gases, and poor ventilation. AR 17. Based on the testimony of a vocational expert (a "VE"), the ALJ concluded that these limitations would prevent Petitioner from returning to his past work as a truck driver, juvenile detention officer, or pipeline laborer. AR 20. The ALJ found, however, that Petitioner's limitations would not prevent him from performing an alternative range of light and sedentary jobs, including working as a price marker, mail sorter, bench assembler, weight tester, order clerk, or sorter. AR 21. The ALJ, therefore, found that Petitioner was not disabled. *Id.*

## DISCUSSION

I. <u>The ALJ erred in evaluating the medical opinion evidence.</u>

   a. *The Opinions of Drs. Lindquist, Arnold, and Toolson*

Petitioner has had asthma since he was a child. AR 601. Over the years, the severity of the disease has progressed. AR 437, 441 (Petitioner's pulmonary function tests ("PFTs") worsening over time), AR 445, 602 (asthma symptoms getting worse over time), AR 618 (Petitioner has moderate breathing obstruction "likely due to progression of severe uncontrolled asthma overtime [sic]").

**MEMORANDUM DECISION AND ORDER - 6**

By the summer of 2017, Petitioner reported difficulty breathing at work. AR 445 (in July 2017, Petitioner told his doctor that he was short of breath "even driving a garbage truck"); AR 441 (Petitioner experienced dyspnea when walking between houses and the garbage truck); AR 424 (working outside in the heat and smoke bothered Petitioner's breathing). Petitioner has testified and averred that these difficulties required him to receive extra help at work with physical tasks; take regular breaks to catch his breath or use rescue medication, such as a nebulizer; leave work early; and reduce his regular work hours. AR 35-37, 259-260, 326-327. These issues eventually caused Petitioner to stop working full-time. AR 43, 259-260, 320, 326-327 (indicating that Petitioner stopped working full time sometime in 2017 or early 2018); *see also* AR 20 (agreeing that Petitioner's asthma and other lung conditions have progressed to the point that Petitioner cannot return to his past work driving trucks or performing heavy labor). They also prompted Petitioner to begin seeing a pulmonologist, Dr. Ryan Toolson. AR 440-442, 445, 590.

In January or February of 2018, Dr. Toolson diagnosed Petitioner with ABPA, a fungal infection of the lungs that is sometimes found in severe and uncontrolled asthmatics.[3] AR 434, 601, 618.

Over the next two years, Petitioner continued to receive regular and escalating treatments for his severe asthma and associated lung conditions. AR 18; *see also* Pt.'s Br. at 3-4 (Dkt. 17) (summarizing Petitioner's treatment history). During this period, three different doctors issued opinions regarding the intensity and functional impact of Petitioner's breathing problems.

---

[3] *See* The National Institutes for Health entry on Allergic Bronchopulmonary Aspergillosis, available at https://www.ncbi.nlm.nih.gov/books/NBK542329/ (last accessed August 16, 2022).

**MEMORANDUM DECISION AND ORDER - 7**

First, state agency consultant Dr. Lee Lindquist reviewed Petitioner's medical records and issued an opinion on March 5, 2019 finding that Petitioner could perform light work. AR 64-66.

Second, Petitioner's treating pulmonologist, Dr. Ryan Toolson, wrote a letter dated March 28, 2019, which stated in relevant part:

> [Petitioner] has been a patient of mine since September 2017. During that time I have taken care of his pulmonary issues. The patient is well-known to me as he is been [sic] needed to be seen on multiple and frequent visits for his care.
>
> The patient has multiple medical problems including, but not limited to severe dyspnea, severe persist [sic] asthma, allergic bronchopulmonary aspergillosis, bronchiectasis. He has had extensive workup including lab tests, pulmonary function test, imaging, and specialty referrals since seeing him.
>
> The patient has been on maximum medical therapy for asthma with inhaler therapy and injection immunotherapy and still has significant debility from his asthma. He has also been treated for allergic bronchopulmonary aspergillosis. He continues to have frequent exacerbation of his asthma despite maximum medical care.
>
> Due to his underlying pulmonary disease that is severe and nonreversible he has significant debility. He has very severe dyspnea and wheezing with very minimal exertion and is unable to perform any tasks of any work or even a [sic] activities of daily living.
>
> It is my medical opinion that [Petitioner] . . . should be out of work indefinitely.

AR 590.

Third and finally, on May 22, 2019, state agency consultant Dr. Leslie Arnold reviewed Petitioner's medical record at the reconsideration stage and agreed with Dr. Lindquist that Petitioner's asthma would not prevent him from performing light work. AR 87-89.

These opinions, all issued within three months of each other, presented a genuine conflict which the ALJ had a duty to reconcile. *See Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (it is the ALJ's responsibility to determine credibility and resolve conflicts within the

**MEMORANDUM DECISION AND ORDER - 8**

record). The ALJ resolved this conflict by crediting the reviewing consultants, Drs. Lindquist and Arnold, over Petitioner's treating pulmonologist, Dr. Toolson. AR 19. Petitioner raises several, interrelated challenges to this decision on appeal.

### b. The Standard of Review

Because this case was filed after March 17, 2017, the revised regulations governing the evaluation of medical evidence apply. 20 C.F.R. § 404.1520c. Under these regulations, the ALJ is no longer required to give deference to any medical opinion, including treating source opinions. *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

Instead, the ALJ evaluates the persuasiveness of the opinions based on several factors. 20 C.F.R. §§ 404.1520c(a). These are: supportability, consistency, relationship to the claimant, specialization, and other factors. 20 C.F.R. §§ 404.1520c(c)(1)-(5). The ALJ's duty to articulate a rationale for each factor varies. 20 C.F.R. §§ 404.1520c(a)-(b).

Supportability and consistency are the most important factors, and the ALJ, therefore, must explain how both factors were considered. *Woods*, 32 F.4th at 792; 20 C.F.R. § 404.1520c(b)(2). The factor of supportability looks inward at a medical opinion's bases; "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . , the more persuasive the medical opinions . . . will be." 20 C.F.R. § 404.1520c(c)(1). The factor of consistency, on the other hand, looks outward, comparing the opinion to the other evidence in the record: "[t]he more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be." 20 C.F.R. § 404.1520c(c)(2).

**MEMORANDUM DECISION AND ORDER - 9**

The ALJ is only required to articulate findings on the remining factors (treatment relationship, specialization, and any other factors) where "two or more medical opinions . . . about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same." 20 C.F.R. §§ 404.1520c(b)(2)-(3).

The Court reviews the ALJ's persuasiveness determinations under these regulations using the substantial evidence standard. *See Woods*, 32 F.4th at 787 ("[A]n ALJ's decision, including the decision to discredit any medical opinion, must simply be supported by substantial evidence.").[4]

   c. *The ALJ's Evaluation of the Opinion Evidence*

In direct contravention to 20 C.F.R. § 404.1520c(b)(2), the ALJ failed to articulate how she evaluated the supportability and consistency of Drs. Lindquist and Arnold's opinions. The entirety of the ALJ's discussion of these opinions reads as follows:

> As for the opinion evidence, the DDS consulting physicians opined the claimant is capable of light work activities, with postural and environmental limitations (3A; 4A; 7A; 8A). The undersigned found their opinions persuasive. However, given the claimant's lung issues, the undersigned found the evidence supports limiting him to two hours standing and walking in an eight-hour workday and allowing the option to change positions during normal work breaks, every two hours.

AR 19. Respondent acknowledges that this discussion would typically be deficient under the new regulations, but argues that the mistake is inconsequential. Res.'s Br. At 10 (Dkt. 19). This position is not convincing.

---

[4] Petitioner originally maintained that ALJs must continue to provide "specific and legitimate" reasons for discounting the opinions of medical providers under the new regulations. Pt.'s Br. at 7, 10 (Dkt. 17). After briefing in this case was complete, the Ninth Circuit rejected this position. *Woods*, 32 F.4th at 787 (holding that the "specific and legitimate" standard is "incompatible" and "clearly irreconcilable" with the revised regulations).

**MEMORANDUM DECISION AND ORDER - 10**

First, Respondent argues that the ALJ's violation of 20 C.F.R. § 404.1520c(b)(2) should not be treated as a legal error because ALJs are not required to discuss every piece of evidence in the record, but only need to explain why "significant probative evidence has been rejected." *Id.* (citing *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984)).  Respondent takes the holding of *Vincent* out of context.  In *Vincent*, the Ninth Circuit held that an ALJ does not err by ignoring evidence that is "neither significant nor probative." *Vincent*, 739 F.2d at 1395.  As the Ninth Circuit has stressed, the purpose of this judge-created rule is to balance the requirement that the ALJ fairly consider important evidence, without unduly burdening the ALJs by requiring them to "address every argument or piece of evidence, however meritless or immaterial." *Kilpatrick v. Kijakazi*, 35 F.4th 1187, 1193 (9th Cir. 2022).  Here, the issue is not whether the ALJ improperly ignored probative evidence.  Unlike in *Vincent*, the opinions of Drs. Lindquist and Arnold were unquestionably significant and probative, and the ALJ's decision to rely on them was clearly material to the finding of non-disability.

Nothing in *Vincent* exempts ALJs from following the Social Security Administration's own regulations in these circumstances.  *See generally Vincent*, 739 F.2d 1394-1395; *see also Carrie R. C. v. Comm'r, Soc. Sec. Admin.*, No. 6:20-CV-01535-MK, 2022 WL 35777, at *5 (D. Or. Jan. 4, 2022) (rejecting the argument that an ALJ need not evaluate each medical opinion under the new regulations) and *Renee N. v. Kijakazi*, No. 6:20-CV-01131-SB, 2021 WL 4554475, at *11 (D. Or. Oct. 5, 2021) (same).  If it did, the requirements of 20 C.F.R. § 404.1520c(b)(2) would have little teeth and could be routinely violated.  The Court declines to adopt this reading of the law.[5]

---

[5] Even if *Vincent* better supported Respondent's position, the Court would reach the same conclusion.  As Respondent stresses and the Ninth Circuit has acknowledged, the "new regulations reflect important changes and therefore supersede case law developed under the prior

**MEMORANDUM DECISION AND ORDER - 11**

Second, Respondent contends that the ALJ's failure to discuss the supportability or consistency of Drs. Lindquist and Arnold's opinions is harmless because the ALJ ultimately adopted an RFC that was more restrictive than either opinion. Res.'s Br. at 10 (Dkt. 19). This argument presumes that a claimant can only be harmed through the improper rejection of a medical opinion. The Court disagrees.

In the social security context, reversal on account of error is not "automatic," but requires a "case-specific" determination of prejudice. *Ludwig*, 681 F.3d at 1053. This is not a high standard; where harmlessness is a 'borderline question" remand for reconsideration is appropriate. *McLeod v. Astrue*, 640 F.3d 881, 888 (9th Cir. 2011); *see also Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) ("our precedents have been cautious about when harmless error should be found"). For example, the Ninth Circuit has generally found that articulation errors are harmless only where an ALJ's mistakes are irrelevant or inconsequential to the ALJ's ultimate disability conclusion. *Marsh*, 792 F.3d at 1173 and *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

Applying these standards to the case at hand compels the conclusion that the ALJ's error was not harmless. As outlined in detail above, the ALJ was presented with conflicting opinions regarding how severely Petitioner's asthma and other lung conditions limit his exertional capacity to work. If the state agency consultants are to be believed, Petitioner can engage in light work and is not disabled. AR 64-66, 87-89. Dr. Toolson, by contrast, affirmed that Petitioner experiences "very severe dyspnea and wheezing with very minimal exertion." AR 590. Even if the Court sets aside Dr. Toolson's conclusion that these breathing troubles would

---

regulatory scheme." Res.'s Br. at 8 (Dkt. 19); *see also Woods*, 32 F.4th at 790. This rule is not limited to changes that favor the Social Security Administration. Where the new regulations impose clear duties on the ALJs, they are required to follow those rules.

**MEMORANDUM DECISION AND ORDER - 12**

prevent Petitioner from any work, as Respondent requests, this sentence indicates that Petitioner lacks the functional capacity to engage in any job that is not completely sedentary. If this is the case, Petitioner would be considered automatically disabled under the grids unless the ALJ found that he had transferable job skills. *See* Medical-Vocational Guideline 201.14 and 201.15. In other words, there is a strong chance Petitioner would have been found disabled if the ALJ had credited Dr. Toolson's statements about Petitioner's functional limitations over the state agency consultants' contrary opinions.

The ALJ's articulation error went to the heart of this decision. For example, the ALJ labels Drs. Lindquist and Arnold's opinions that Petitioner can perform a full range of light work as unequivocally persuasive. AR 19. Yet the ALJ acknowledges that Petitioner's lung conditions prevent him from standing or walking at a light exertional level. *Id.* These findings do not align. If the ALJ had devoted more time to discussing the supportability and consistency of the medical opinions, as 20 C.F.R. § 404.1520c requires, the ALJ would have been forced to confront and explain this discrepancy, and may have reached the conclusion that Dr. Lindquist and Arnold's opinions should not be credited at all.

This strikes the Court as particularly likely under the facts of this case, where Petitioner's recognized limitations are caused by exertion-induced dyspnea. AR 19 (stressing that Petitioner "does not have breathing problems while sitting" and "that his symptoms are primarily with exertion"); AR 39 (same); AR 42 (Petitioner's asthma causes him problems with "minimal exertion"). If the ALJ is correct that Petitioner's asthma keeps him from walking at a light exertional level, this raises serious questions about whether Petitioner retains the ability to perform other tasks (such as lifting, pushing, or pulling) at that same exertional level. The ALJ's decision provides no answer to this question or any explanation for the disparate findings

**MEMORANDUM DECISION AND ORDER - 13**

regarding Petitioner's ability to perform the various elements of light work. Further analysis of this issue could result in a claimant-favorable outcome.

The requirements of 20 C.F.R. § 404.1520c(b)(3) bolster this conclusion. Section 404.1520c(b)(3) directs an ALJ to articulate how he or she considers the secondary factors – including treatment relationship and specialization – when two diverging medical opinions are both equally well-supported and consistent with the record. 20 C.F.R. § 404.1520c(b)(3). Here, despite claiming to find the state agency consultants "persuasive" and Dr. Toolson "not persuasive," the ALJ adopted an RFC that reflected an uncomfortable middle-ground between the two sets of opinions. AR 17 (finding that Petitioner could only walk and stand at a sedentary exertional level, but could lift, carry, push, and pull at a light exertional level). This indicates that the opinions may qualify as "equally well-supported and consistent with the record." If so, the ALJ was required to consider the tie-breaking factors before deciding which doctors to credit. Notably, these factors generally favor Dr. Toolson, who had a long-standing treatment relationship with Petitioner and is a pulmonologist, not a general practitioner.

For all of these reasons, the Court agrees with Petitioner that the ALJ committed harmful error when the ALJ failed to comply with the articulation mandates of 20 C.F.R. § 404.1520c. Had the error not occurred, there is a substantial chance that the ALJ may have reached a different conclusion regarding the respective persuasiveness of the medical opinions.

II. <u>Petitioner's Symptom Testimony, the Statement of Petitioner's Father, and the Testimony of the Vocational Expert</u>

Because the ALJ has the discretion to enter new findings on remand regarding Petitioner's credibility, the lay witness evidence, and the testimony of the vocational expert, the Court does not address Petitioner's challenge to these portions of the ALJ's decision.

**MEMORANDUM DECISION AND ORDER - 14**

III. <u>The Remedy</u>

When an ALJ's denial of benefits is not supported by the record, district courts possess discretion under 42 U.S.C. § 405(g) to remand for further proceedings or for an award of benefits. *Treichler v. Comm'r of SSA*, 775 F.3d 1090, 1099 (9th Cir. 2014). The proper course turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings and when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. *Id.* at 1100. In most cases, however, remand for additional investigation or explanation is preferred. *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012). Such remands allow for the ALJ to resolve any outstanding issues in the first instance.

In this case, the record has not been fully developed. Specifically, the ALJ has not conducted a complete supportability and consistency analysis as contemplated by 20 C.F.R. § 404.1520c. The Court will remand the case for the ALJ to conduct this analysis in the first instance.

## ORDER

Based on the foregoing, Petitioner's Petition for Review and the Brief in Support of Petition to Review (Dkts. 1 & 17) are **GRANTED,** and the decision of the Commissioner is **REVERSED** and **REMANDED** for further proceedings consistent with this decision.

DATED: August 26, 2022

Raymond E. Patricco
Chief U.S. Magistrate Judge

MEMORANDUM DECISION AND ORDER - 15